Martin, J.
delivered the opinion of the Court. The petition states that the plaintiff, is a *477 creditor of J. Godwin, for $345, the balance of a sum due on a notarial contract for building a house—that he brought suit against Godwin, who, pendente lite, sold it to the defendant. The answer denies every thing, and avers that the defendant is a purchaser without notice. The facts stated in the petition being proven, there was a judgment for the plaintiff, and the defendant appealed.
The statement of facts admits the purchase and payment of the price by the defendant, that the tacit or legal mortgage of the plaintiff on the house, as the builder of it, was never recorded, as the act of 1813 ch. 49. is stated to require—that the defendant was not made a party to the suit, brought by the plaintiff against Godwin—That Godwin has failed, and that the sum claimed, is due to the plaintiff, for work done on the house.
The plaintiff’s counsel contends, that his is a privilege or legal mortgage, which has its effect against those persons, without being stipulated for, Civil code 470, art. 75, and that the words of the act of 1813, do not extend to the destruction of liens, which, not arising from any written contract or stipulation, are not susceptible of being recorded. The expressions of the *478 act are “all liens, of any nature whatever, having the effect of a legal mortgage, which shall not be recorded against the provisions of this act, shall be null and void.” The title of the act, is for the recording of certain acts, therein mentioned, which shews that the intention of the legislature, was to compel creditors to give notice of their acts, not to alter the law, so as to destroy the lien of builders, &c. in cases in which a privilege or lien was not expressly stipulated. The plaintiff’s lien, it is contended, arising before the passage of the act, could not be supposed to have been destroyed by the requisition of a formality, which could not be complied with.
The defendant’s counsel replies, that the petition shews, that the plaintiff’s claim is grounded on a notarial act, which was susceptible of being, and is admitted not to have been, recorded.—That contracts are the laws, that govern the parties.—That the tacit provisions of the law, always yield to the express stipulation of the party, whom the law intended to protect.
This court is of opinion, that the judgment given below is a correct one. The plaintiff hav *479 ing built a house for Godwin, had ipso facto by law a tacit lien, or privilege to have it sold for his payment. His having reduced to writing the contract, which fixes the manner, in which the house was to be built, and the mode of payment, does not affect his right. If a man has a right to a thing by law, and under a contract, which does not modify his right, he will be allowed to avail himself of his stronger title, that which results from the law. If the heir has the estate which the law casts on him by descent, devised on him, he will be in, rather as heir, than as devisee. Here the petition alleges the plaintiff’s privilege, as a builder, for work, materials, &c. bestowed on a house. The statement of facts, admits the nature and extent of the claim as set forth; the legal consequence must follow, that the debt is a privileged one on the house. There is no need of bringing the notarial instruments into action.
The act of 1813, had no other object, than to prevent the effect of latent acts or instruments—or to guard against the supposition or forgery of acts, by which the interests of third persona might be affected, not to destroy the tacit lien which the law gives to workmen and others, ipso facto, by the labour or materials which they bestow.
Hennen for the plaintiff, Smith for the defendant.
If the contract before the notary, was necessary to the plaintiff’s recovery, the present defendant, might perhaps have resisted its introduction: but it does not appear necessary. It is admitted, in the statement of facts, that the work was done by the plaintiff, on the house, as charged, and that the sum is justly due him by Grodwin.—It requires the aid of no written instrument, to establish the consequent privilege, if it exist without any instrument: the defendant complain that no instrument was recorded.
It is ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.